UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 16 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ADELIADE LORIND SCURLOCK-ZINDLER, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-01342 (UNA)
)
PETER HENRY ZINDLER, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. Additionally, plaintiff has filed a motion for speedy trial for "juvenile human trafficking." ECF No. 4. Lastly, Plaintiff has filed a motion requesting that "Camber Corp." cover her cost of living as the case proceeds. ECF No. 7.

The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The two outstanding motions are denied as moot.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and

1

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff brings wide-ranging allegations against a single defendant, namely, Peter Henry Zindler. Compl. at caption, 1. Defendant appears to be plaintiff's estranged husband. *Id.* at 1, 7, 12-16. Plaintiff sues on her own behalf and on behalf of her minor daughter. *Id.* at caption, 1. Plaintiff appears to be temporarily staying in Washington D.C. *Id.* at caption. Defendant resides somewhere in Bahrain, though his actual address it not provided. *Id.*

Plaintiff alleges a variety of grievances against defendant for committing "criminal actions," including, but not limited to: human trafficking, sexual abuse, false imprisonment, and withholding of personal property. *Id.* at 1. The remainder of plaintiff's allegations are predicated on custody disputes, and a request for a review of determinations made in prior domestic matters which appear have been filed in Bahrain, and may also be filed in the Superior Court of the District of Columbia. *Id.* at 1, 12-16; ECF Nos. 5-6. As relief, plaintiff seeks to "seize all of [defendant's] personal assets," and to "extradite [defendant] back to the U.S." to stand trial for his criminal acts. Compl. at 1. Lastly, she seeks 5 million dollars in damages. *Id.*

Plaintiff's instant complaint fails to make out a discernable claim. The causes of action, if any, are indeterminate. The complaint, as pled, fails to provide clear notice of a claim or basis of federal court jurisdiction. Plaintiff seeks criminal sanctions and for defendant to stand criminal trial, despite having filed a civil case. *Id.* at 1.

Therefore, this case will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 14, 2018

United States District Judge